Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 50017 | **DATE** | 5/8/2013 |
| **CASE TITLE** | Brian Davis vs. Per Mar Security and Research Corp. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, plaintiff's motion to remand [11] is denied. Defendant's motion to dismiss [6] is granted. The Count I claim for sex discrimination is dismissed without prejudice. The Count II claim for being subjected to an adverse employment action for unfounded accusation of sexual harassment is dismissed with prejudice. Plaintiff is granted until June 7, 2013 to file any amended complaint as to the Count I sex discrimination claim stating sufficient facts to make a plausible claim of sex discrimination. Plaintiff's motion [20] to stay designation of local counsel is denied as moot. The motion [12] to stay response is denied as moot. The motion [24] for leave to file the affidavit is granted.
.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

Plaintiff, Brian Davis, a citizen of Illinois, brought this action in state court against his former employer, defendant, Per Mar Security and Research Corp, an Iowa corporation with its principal place of business in Iowa. Defendant removed to this court premised on diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a)(1). Plaintiff moves to remand [11] claiming the amount in controversy requirement is not met. Defendant opposes the remand and separately moves to dismiss [6]. Plaintiff also moves to stay his response to defendant's motion to dismiss[12], to stay designation of local counsel[20], and for leave to file the affidavit of Nile J. Williamson [24]. The motion [12] to stay response is denied as moot. Plaintiff has filed a response to the motion to dismiss. The motion [24] for leave to file the affidavit is granted.

"When removing a suit, the defendant as proponent of federal jurisdiction is entitled to present its own estimate of the stakes; it is not bound by the plaintiff's estimate." Back Doctors, Ltd. v. Metro. Prop. & Cas. Ins. Co., 637 F.3d 827, 830 (7th Cir. 2011). "[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible." Id. "[E]vents after the date of removal do not affect federal jurisdiction, and this means in particular that a declaration by the plaintiff following removal does not permit remand." Id.

Plaintiff made a post-removal averment that he "does not and will not seek damages exceeding $75,000, excepting only interest and costs." However, this declaration cannot be the basis for remand. Id. Plaintiff must show that an award in excess of the jurisdictional amount is legally impossible. Id. The complaint seeks damages "in excess of $50,000" plus reasonable attorney's fees and for other relief "including without limitation, reinstatement to his former position." The claims are advanced under the Illinois Human Rights Act and include prayers for damages for pain and suffering which, defendant alleges and plaintiff does not dispute, are not capped under Illinois law as well as claims for back wages. Plaintiff also claims attorney's fees. Plaintiff has not provided any basis for concluding it is legally impossible that the claims for back wages, reinstatement, pain and suffering, and attorney's fees will exceed $75,000. Plaintiff's motion to remand is denied. Plaintiff's motion [20] to stay designation of local counsel is denied as moot.

## STATEMENT - OPINION

Defendant moves to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff's complaint alleges gender discrimination in Count I and unfounded sexual harassment in employment in Count II both in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq. ("Act"). Plaintiff was employed by defendant as a security guard. He was assigned by defendant to work at a hospital. During one of his shifts, after being alerted by Jim Lamb, the ER charge nurse, he found an individual masturbating in one of the emergency rooms. Plaintiff called the police who came and took custody of the individual.

On his next work shift, plaintiff told Lamb "I got to get this (nightly report) in there and I will probably have to tell Stacey McKenzie about the jerking off." McKenzie later reported to defendant that plaintiff actually stated "I am going in there to jack off for her." Plaintiff never made such a statement. Plaintiff was subsequently advised by defendant he was charged with sexual harassment of a hospital employee.

Plaintiff alleges defendant conducted "an incomplete, incompetent, and negligent investigation" and terminated him for sexual harassment of Stacey McKenzie. He alleges defendant accepted "as credible, a defamatory, inaccurate statement of Stacey McKenzie over the explanation given in writing of the incident by its employee, [plaintiff], a male." He alleges defendants actions were substantially motivated by his gender "in that defendant treated female persons differently than plaintiff and/or believed the allegations of Stacey McKenzie." This is his Count I gender discrimination claim. His Count II unfounded sexual harassment in employment claim is based on the same allegations.

Plaintiff argues that taking an adverse employment action based on unfounded sexual harassment charges is a violation of the Act. Defendant contends the Act does not create such a claim. Section 1-102 of the Act declares certain matters to be the public policy of Illinois. One of these is "[t]o protect citizens of this State against unfounded charges of unlawful discrimination, sexual harassment in employment, and sexual harassment in elementary, secondary, and higher education, and discrimination based on citizenship status in employment." 775 ILCS 5/1-102(H). Plaintiff relies on this statement of policy as a basis for his claim under the Act. However, the Act does not make an adverse employment action based on being falsely accused of sexual harassment actionable.

The Act provides an aggrieved party may bring an action for an alleged civil rights violation. 775 ILCS 5/10-102(A)(1). An "aggrieved party" is defined as a person "alleged or proved to have been injured by a civil rights violation." 775 ILCS 5/1-103(B). A civil rights violation is defined to include "and shall be limited to only those specific acts set forth in Sections 2-102 [and certain other provisions not relevant to plaintiff's claims here]. 775 ILCS 5/1-103(D). As relevant here, Section 2-102 provides "[i]t is a civil rights violation: (A) Employers. For any employer to . . . act with respect to . . . discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination." 775 ILCS 5/2-102(A). "'Unlawful discrimination' means discrimination against a person because of his or her race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, military status, sexual orientation, or unfavorable discharge from military service as those terms are defined in this Section." 775 ILCS 5/1-103(Q). Being falsely accused of sexual harassment is not within this statutory definition of unlawful discrimination and, therefore, is not an actionable civil rights violation under 775 ILCS 5/2-102(A).

Section 2-102(D) makes it a civil rights violation for "any employer, employee, agent of any employer, employment agency or labor organization to engage in sexual harassment." 775 ILCS 5/2-102(D). "Sexual harassment" is defined as "any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." 775 ILCS 5/2-101 (E). This definition does not include being falsely accused of sexual harassment. Plaintiff's claim is not actionable as a civil rights violation under 775 ILCS 5/2-102(D).

Plaintiff argues McKenzie's untruthful statements are themselves a form of sexual harassment and that defendant is liable for aiding or abetting a violation of the Act by McKenzie. The Act does make aiding or abetting a violation of the Act a civil rights violation. 775 ILCS 5/6-101(B) and 775 ILCS 5/1-103(D). However, as discussed above false accusations of sexual harassment are not a violation of the Act so anything defendant did concerning McKenzie's statement was not aiding or abetting a violation of the Act.

Plaintiff has not and cannot state a claim under the Act for suffering an adverse employment action because of

unfounded accusations of sexual harassment against him. The Act does not create such a cause of action. Count II is dismissed with prejudice.

Plaintiff also alleges in Count I, based on the same facts, that he was unlawfully discriminated against because of his sex. The Act clearly makes discrimination in employment on the basis of sex actionable as unlawful discrimination. 775 ILCS 5/1-103(Q) and 775 ILCS 5/2-102(A). Defendant argues plaintiff has not pled a plausible claim of sex discrimination under the Act.

Plaintiff's allegations are basically that defendant terminated him because it accepted the statement of McKenzie, a female, over the statement of plaintiff, a male, and did not conduct a proper investigation to determine that he did not engage in the conduct McKenzie accused him of. He alleges defendant's acting in this manner was substantially motivated by his sex in that defendant treated female persons differently than it did him.

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement." McReynolds v. Merrill Lynch & Co., Inc., 694 F.3d 873, 887 (7th Cir. 2012) (internal quotation marks and citations omitted). Factual allegations are accepted as true but legal conclusions are not. Id. The "plausibility standard calls for a context-specific inquiry that requires the court to draw on its judicial experience and common sense. This is not akin to a probability requirement but the plaintiff must allege more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks and citations omitted).

Plaintiff fails to meet the plausibility standard. His allegations boil down to he is male and McKenzie is female. Defendant believed McKenzie and not him. Defendant did not conduct a proper investigation to find out he was telling the truth and McKenzie was not. Defendant treated him less favorably than McKenzie by believing her and not him, in not conducting a proper investigation, and in firing him on her word. It acted this way because he is male and she is female. These allegations do no more than allege the "sheer possibility" defendant acted unlawfully. The court cannot reasonably infer that plaintiff's sex was a factor in defendant's actions based on nothing more than the allegation that the person defendant believed is a woman and the person, plaintiff, defendant disbelieved is a man. Count I must be dismissed.

For the foregoing reasons, plaintiff's motion to remand [11] is denied. Defendant's motion to dismiss [6] is granted. The Count I claim for sex discrimination is dismissed without prejudice. The Count II claim for being subjected to an adverse employment action for unfounded accusation of sexual harassment is dismissed with prejudice. Plaintiff is granted until June 7, 2013 to file any amended complaint as to the Count I sex discrimination claim stating sufficient facts to make a plausible claim of sex discrimination. Plaintiff's motion [20] to stay designation of local counsel is denied as moot. The motion [12] to stay response is denied as moot. The motion [24] for leave to file the affidavit is granted.