IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Brian Davis, | ) |
| | ) Case No. 13 CV 50017 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Per Mar Security and Research Corp., | ) |
| a foreign Corporation | ) |
| | ) Judge Philip G. Reinhard |
| Defendant. | ) |
| | ) |

**ORDER**

For the reasons below, defendant's motion to dismiss plaintiff's amended complaint [39] is granted. The court dismisses plaintiff's amended complaint without prejudice. If plaintiff wishes to file a second amended complaint which cures the deficiencies discussed in this order, he is granted until October 15, 2013 to do so.

**STATEMENT - OPINION**

Plaintiff, Brian Davis, brings this action via an amended complaint, against defendant Per Mar Security and Research Corporation ("Per Mar"). Plaintiff, a former employee at Per Mar, claims he was discriminated against on the basis of his gender. Plaintiff's amended complaint asserts one claim under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("IHRA").[1] The court dismissed the instant claim in the original complaint without prejudice determining that plaintiff's factual allegations were insufficient to satisfy the plausibility standard announced in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and its progeny.[2] Per Mar moves to dismiss the amended complaint for the same reason.

The allegations in the amended complaint are substantially the same as the original complaint. Essentially, plaintiff claims Per Mar is liable under the IHRA because it unlawfully terminated plaintiff's employment on the basis of his gender.

---

[1] The case was removed to this court from the Whiteside County Circuit Court on January 17, 2013 pursuant to 28 U.S.C. §§ 1441 and 1332. [1].

[2] The court dismissed count II of plaintiff's original complaint with prejudice determining that plaintiff's claim of being falsely accused of sexual harassment was not actionable under the IHRA. *See* [33].

In his amended complaint, plaintiff describes the incident leading up to his termination. He explains that he worked as a security guard for Per Mar and one evening when he was assigned to work at hospital, an ER nurse, Jim Lamb, notified plaintiff that an individual had walked into an emergency room alone and shut the door. Lamb was suspicious of the individual and encouraged plaintiff to investigate the matter. Plaintiff agreed to do so, and ultimately discovered the individual masturbating in the emergency room. Upon making this discovery, plaintiff called the police who eventually took the individual into custody.

On his next work shift at the hospital, plaintiff recalls telling Lamb that he needed to submit his nightly report to Stacey McKenzie, (a hospital employee) and inform her of the masturbation incident. Apparently, McKenzie believed the conversation between Lamb and plaintiff went a little differently. Allegedly, she told Per Mar employees that plaintiff told Lamb he was going to "jack off for [McKenzie]." Amend. Compl. ¶ 8.

Plaintiff claims after McKenzie made these false accusations, Per Mar officers informed him that he was being charged with sexual harassment by one of the hospital employees (presumably McKenzie). As a result of the charge, Per Mar informed plaintiff that he was forbidden from entering the hospital and/or communicating with any hospital employees. A few weeks later, Per Mar terminated plaintiff's employment.

Plaintiff contends McKenzie's allegations are baseless. He claims he never told Lamb that he was going to "jack off for [McKenzie]" and states that Per Mar failed to investigate her accusations properly. Amend. Compl. ¶ 8. The amended complaint states this "was the custom and practice of [Per Mar] at the time of this incident to not [*sic*] conduct an investigation in the same manner against female employee(s} accused of sexual harassment . . . as was conducted against male employees, including [p]laintiff." *Id.* ¶ 9. According to plaintiff, this "custom and practice" amounts to a violation of the IHRA. *Id.* Per Mar argues these allegations are insufficient to state a gender discrimination claim under the IHRA and thus moves to dismiss the amended complaint.

"To survive a motion to dismiss under Rule 12 (b)(6), the complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013) (internal quotation marks and citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citations omitted). In cases such as these, the inference of liability is only "speculative." *Id.*

The amended complaint fails for the same reason the same claim in the original complaint failed. As the court explained in its previous order, plaintiff's allegations that he is a male and McKenzie is a female and Per Mar failed to conduct a proper investigation to discover who was telling the truth does not allow the court to "reasonably infer that plaintiff's sex was a factor in [Per Mar's decision to terminate plaintiff's employment] . . ." [33] at 3. In the amended complaint, plaintiff again fails to provide sufficient allegations which allow the court to infer that plaintiff's gender was the motivating factor in Per Mar's termination action.

In opposing Per Mar's motion, plaintiff argues that his additional allegation regarding Per Mar's "custom and practice" of investigating sexual harassment claims is enough to survive

dismissal. [42] at 1. The court disagrees. Without more these allegations are only conclusory and therefore insufficient to survive dismissal. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2013). Indeed, even if the court were to assume that Per Mar has a practice of investigating a female employee's claim of sexual harassment differently than a male employee's claim of sexual harassment, plaintiff fails to factually allege what that difference is and link the alleged discriminatory employment practice to his termination. This is especially true here since the comparison appears to be between McKenzie, a female non-employee, and plaintiff, a male employee. As the court explained in its order dismissing plaintiff's original complaint, conclusory allegations do nothing more than "allege the sheer possibility" that the defendant acted unlawfully. [33] at 3. Plaintiff must do more to satisfy the plausibility standard and avoid dismissal. *McReynolds*, 694 F.3d at 887.

In sum, the court finds plaintiff's allegations insufficient to satisfy the federal plausibility standard and thus finds dismissal appropriate. If plaintiff chooses to amend his complaint for a second time, he must provide factual allegations which allow the court to infer that Per Mar's decision to terminate his employment was based upon plaintiff's gender. Any amended pleading, of course, must also comply with the requirements of Rule 11.

For the foregoing reasons, defendant's motion to dismiss [39] is granted. The court dismisses plaintiff's amended complaint without prejudice. If plaintiff wishes to file a second amended complaint which cures the deficiencies discussed in this order, he is granted until October 15, 2013 to do so.[3]

Date: 9/25/2013

ENTER:

*Philip G. Reinhard*

United States District Court Judge

Electronic Notices .
(LC)

---

[3] If plaintiff chooses to file a second amended complaint, he should also amend the jurisdictional allegations (paragraphs one and two) in the amended complaint. As Per Mar asserted in its notice of removal, this court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship). *See* [1] at ¶ 6. Thus, if plaintiff files a second amended complaint, he should include the appropriate allegations regarding Per Mar's principal place of business and place of incorporation. *See id.* at ¶ 7.